**NOT DESIGNATED FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-1226

STATE OF LOUISIANA

VERSUS

GARRY DAVID SHIELDS

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OFLAFAYETTE, NO.  DT201400006
HONORABLE DOUGLAS J. SALOOM, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**

**Sonia Gupta**
**Special Assistant District Attorney**
**2100 Jefferson Street, Building C**
**Lafayette, LA 70502**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**Chaz Roberts**
**P.O. Box 53936**
**Lafayette, LA 70505**
**(337) 504-3202**
**COUNSEL FOR APPELLANT:**
        **Garry David Shields**

**Cooks, Judge.**

On August 27, 2014, Defendant, Garry David Shields, was convicted of operating a vehicle while intoxicated (first offense).[1] On September 16, 2014, Relator was sentenced as follows: (1) Pay a fine and costs in the amount of $750.00 or serve thirty days in the Lafayette Parish Correctional Center in default of payment; (2) Serve one hundred eighty days (180) in the parish jail. "All except the first five days of the one hundred eighty day (180) jail term during good behavior"; and (3) Placed on unsupervised probation for a period of two years, under general and special conditions, in lieu of the mandatory jail term, and other special conditions. The trial court further ordered that, if Defendant did not pay the fine and costs in full and was ordered to serve the default jail term for non-payment, Defendant should under no circumstance, if revoked, serve more than six months in the parish jail.

On September 16, 2014, Defendant filed a "MOTION FOR APPEAL AND DESIGNATION OF RECORD" with the trial court. The trial court granted Defendant's motion on September 18, 2014, with a return date of October 22, 2014.

On November 19, 2014, this court lodged the appeal record. On November 24, 2014, this court issued a rule to show cause why the appeal should not be dismissed. The judgment at issue is not an appealable judgment since the offense at issue is a misdemeanor. *See* La.Code Crim.P. art. 912.1. On December 10, 2014, Defendant-Appellant responded, asserting:

> Although counsel mistakenly filed a motion and order for an appeal instead of a notice of intent to seek supervisory writs, the trial court presumed that Shields would challenge his conviction by a writ of

---

[1]On the same date, Relator was convicted of wrong way on a one-way roadway and hit and run driving. The docket numbers for these offenses were not included in the motion for appeal.

review.  This is evidenced by the trial court setting a return date.  The trial court also mentioned to counsel that he would have to take a writ on the ruling.

The appeal is dismissed, as the judgment is not an appealable judgment, but Defendant-Appellant is hereby permitted to file a proper application for supervisory writs, in compliance with Uniform Rules—Courts of Appeal, Rule 4, no later than fifteen days from the date of this decision.  The Defendant-Appellant is not required to file a notice of intent to seek writs nor obtain an order setting a return date pursuant to Uniform Rules—Courts of Appeal, Rule 4-3 as we hereby construe the motion for appeal as a timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED.  DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN FIFTEEN DAYS FROM THE DATE OF THIS DECISION.**